# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM,<br><br>        Plaintiff,<br><br>vs.<br><br>**RUDOLFO RAMON TAISAGUE,**<br>DOB: 08/04/1977<br><br><br>        Defendant. | Criminal Case No. CF0190-11/CF0371-<br>11/CF0647-11<br>GPD Report No.: 11-04495/11-20979/11-34715<br><br><br>**DECISION & ORDER**<br>(Revocation of Probation) |

## INTRODUCTION

This matter came before the Honorable Alberto E. Tolentino on April 25, 2024, for a Revocation Hearing. Alternate Public Defender Ana Maria C. Gayle appeared for Rudolfo Ramon Taisague ("Defendant"). Assistant Attorney General Randall Winston B. Albright appeared for the People of Guam ("People"). After taking the matter under advisement on April 25, 2024, the Court finds that the Defendant's violations warrant the revocation of probation.

## BACKGROUND

On April 8, 2011, Defendant was indicted in CF0190-11 on one count of Possession of a Schedule II Controlled Substance (As a 3rd Degree Felony). Indictment, April 8, 2011. On July 26, 2011, Defendant was indicted in CF0371-11 on one count of Theft by Receiving (As a 3rd Degree Felony). Indictment, July 26, 2011.

Page 1 of 11

On December 2, 2011, Defendant was indicted in CF0647-11 on one count of Possession of a Schedule II Controlled Substance (As a 3rd Degree Felony) and one count of Possession of a Schedule I Controlled Substance (As a Violation),.

On February 9, 2015, Defendant pled guilty to Possession of a Schedule II Controlled Substance (As a 3rd Degree Felony) in CF0190-11; the Fourth Charge of Possession of a Schedule II Controlled Substance (As a 3rd Degree Felony) in CF0647-11; and the Third Charge of Theft by Receiving Stolen Property (As a 3rd Degree Felony) in CF0371-11. Plea Agreement, February 9, 2015. Defendant was sentenced between three to five years of incarceration with credit for time served and placed on supervised probation for a period of three (3) years with conditions after his release. *Id.* at 5, 6. The conditions of Defendant's probation included:

- Defendant shall pay a fine of $5,000, plus court costs. *Id.*

- Defendant shall serve 150 hours of community service. *Id.*

- Defendant shall enroll and attend a drug rehabilitation program under the supervision of the Adult Drug Court II. *Id.* at 6. Defendant shall attend and successfully complete any drug and/or alcohol counseling program recommended by the Court. *Id.*

- Defendant shall report to the Probation Office at least three (3) times per week or as ordered by the Court, and at those times will take a drug test if requested. *Id.*

- Defendant shall not possess or consume any illegal controlled substances. *Id.* at 7.

- Defendant shall submit to random drug testing under the supervision of the Probation Office. *Id.*

- Defendant shall obey all federal and local laws of Guam. *Id.*

- Defendant shall abide by any other reasonable conditions imposed by the Court or the Probation Office. *Id.*

To date, Adult Probation Services ("Probation") has filed fourteen (14) violations against the Defendant for probation violations. The following violations were filed:

1. On December 4, 2014, Probation filed a violation against the Defendant for failure to report to the Probation Office for a scheduled drug test.

2. On February 17, 2015, Probation filed a violation against the Defendant for failure to refrain from ingesting/consuming illegal controlled substances. On February 16, 2015, the Defendant submitted to a drug test at the Probation Office which yielded presumptive positive results for methamphetamines and THC. The Defendant admitted to smoking both the drugs "meth" and marijuana on February 14, 2015.

3. On March 3, 2015, Probation filed a violation against the Defendant for failure to report to the Probation Office three times a week. Defendant was instructed to submit to a drug testing and failed to report on February 23, 2015. Defendant also failed to abide by Probation's instructions. On February 18, 2015, Defendant submitted to a drug test at the Probation Office which yielded presumptive positive results for methamphetamines and THC. The Defendant was instructed to remain in the waiting room while ADC staff discussed a course of action. ADC staff then discovered that the Defendant left the waiting room and the Probation Office without permission.

4. On March 17, 2015, Probation filed a violation against the Defendant for failure to refrain from ingesting/consuming illegal controlled substances. On March 16, 2015, the Defendant submitted to a drug test at the Probation Office which yielded presumptive

positive results for methamphetamines. After initially denying using any illegal drugs, the Defendant subsequently admitted to smoking the drug "meth" on March 15, 2015.

5. On June 16, 2015, Probation filed a violation against the Defendant for failure to report to the Probation Office for three times weekly drug testing. The Defendant failed to report, as instructed, on June 8, 2015. On June 15, 2015, the Defendant also failed to submit to a scheduled drug test. The Defendant reported to the Probation Office and was instructed to submit to a saliva drug test at the Adult Drug Court office. He was instructed to remain in the waiting room while other drug tests were being performed. It was later discovered that the Defendant left the waiting room without being tested. Defendant was also instructed to attend a weekly group counseling session and failed to attend on June 8, 2015.

6. On July 14, 2015, Probation filed a violation against the Defendant for failure to report to the Probation Office three times weekly for drug testing. The Defendant failed to report for his scheduled drug testing on July 8, 2015 and July 10, 2015.

7. On November 10, 2015, Probation filed a violation against the Defendant for failure to attend and submit attendance for self-help/recovery meetings. The Defendant was required to attend three self-help meetings per week and provide proof of attendance to ADC staff and failed to do so. At the time, the Defendant was in week twenty-eight of Phase II and only submitted eighteen meetings. Defendant was lacking a total of sixty-six to come into compliance, however, Probation stated that if Defendant submitted twenty-seven meetings, he would have been eligible for promotion. The Defendant was

counselled about attending and submitting self-help meeting attendance on a weekly basis, but made very little progress despite such counseling efforts.

8. On January 25, 2017, Probation filed a violation against the Defendant for failure to report to the Probation Office for scheduled drug tests/drug test scheduling. The Defendant was instructed to call Probation every Monday, Wednesday, Friday, and as instructed, for drug test scheduling and failed to report on the following dates: June 10, 13, 15, 17, 20, 22, 24, 27, 29; the entire month of July 2016; the entire month of August 2016; the entire month of September 2016; the entire month of October 2016; the entire month of November 2016; and the entire month of December 2016; January 3, 4, 6, 9, 11 and 13, 2017.

9. On April 24, 2018, Probation filed a violation against the Defendant for failure to report to the Probation Office for three times weekly drug testing. The Defendant was required to report for drug testing every Monday, Wednesday, Friday, and, as instructed, failed to report on the following dates: April 13, 16, 18, 20, and 23, 2018.

10. On August 20, 2018, Probation filed a violation against the Defendant for failure to refrain from ingesting/consuming illegal controlled substances. The Defendant submitted to a drug test on August 17, 2018, with the probation office and tested presumptive positive for THC and methamphetamines. He admitted to ingesting an illegal controlled substance namely "THC" and "Meth" on August 16, 2018 via declaration. This is the Defendant's first positive test since entering a Deferred Plea.

11. On November 26, 2018, Probation filed a violation against the Defendant for failure to report to the probation office for three times weekly drug testing. The Defendant was

released on August 17, 2018 after serving a one-day sanction for failing to report. He was then ordered to report to probation every Monday, Wednesday, and Friday, and, as instructed, failed to report since his release. Defendant was also ordered to pay a fine of $5,000.00 plus court costs and has failed to make payments. Defendant also failed to: perform court ordered community service hours, report to Guam Behavioral Health and Wellness Center for intake and assessment, and attend twenty-four 24 sober support meetings.

12. On November 28, 2018, Probation filed a violation against the Defendant for failure to refrain from consuming an illegal controlled substance. On November 26, 2018, the Defendant was arrested by Marshal of the Superior Court of Guam, on a Warrant of Arrest for CF0647-11, CF0371-11, and CF0190-11. Defendant subsequently admitted to smoking "meth" on November 26, 2018.

13. On February 25, 2019, Probation filed a violation against the Defendant for failure to report to the Probation Office on January 30, 2019 by 9:00am and three times a week thereafter, as instructed by Judge Anita A. Sukola at a Further Proceedings hearing on January 29, 2019.

14. On March 11, 2021, Probation filed a violation against the Defendant for failure to report to the Probation Office after being released from the Department of Corrections on October 24, 2020 by Judge Anita A. Sukola. He last reported on January 29, 2019. Defendant also failed to attend and complete treatment with Guam Behavioral Health and Wellness Center (GBHWC). Defendant has not reported to GBHWC. Defendant failed to make monthly payments to fine and court cost totaling $5,080.00. Defendant

also failed to perform and complete his community service balance of one hundred seventeen hours.

On September 7, 2022, a Warrant of Arrest was issued for the Defendant due to his failure to obey court orders. Warrant of Arrest, September 7, 2022. On April 3, 2024, the Defendant was arrested. Return of Warrant Service, April 4, 2024.

On April 9, 2024, the Court held a return of warrant hearing. Minute Entry, April 9, 2024. The Probation Officer recommended revocation. *Id.*

On April 25, 2024, the Court held a Revocation Hearing. Minute Entry, April 25, 2024. The Court then took the matter under advisement. *Id.*

## DISCUSSION

The Court, *sua sponte*, moved for the revocation of probation, despite no petition being filed. The Court is permitted to initiate revocation of probation proceedings as "upon a showing of probable cause that an offender has violated a condition of his suspension or probation, the court may summon the offender to appear before it or may issue a warrant for his arrest." 9 G.C.A. § 80.66(a)(1).

Additionally, Title 9 G.C.A. § 80.66(a)(2) provides "[a]t any time before the discharge of the offender or the termination of the period of suspension or probation . . . the court, if satisfied that the offender has inexcusably failed to comply with a substantial requirement imposed as a condition of the order, may revoke the suspension or probation and sentence or re-sentence the offender. Violation of a condition shall not result in revocation, however, unless the court determines that revocation under all the circumstances then existing will best satisfy the ends of justice and the best interests of the public." When a court revokes probation, it is

empowered to sentence the defendant to any sentence that it may have originally imposed. 9 G.C.A § 80.66(b). The decision to revoke probation is discretionary, and there is no bright-line rule for when revocation is appropriate. *United States v. Gallo*, 20 F.3d 7, 14–15 (1st Cir. 1994).

The Supreme Court of Guam has held "probation is a favor granted by the state, not a right to which a criminal defendant is entitled." *People v. Camacho*, 2009 Guam 6 ¶ 26. The Supreme Court of Guam reasoned that while probation "implicates a liberty interest," the probationer is not entitled to the "full panoply of due process rights due to other criminal defendants." *Id.* Probationers facing potential revocation are entitled to: "(1) notice of claimed violations; (2) [an] opportunity to hear and present evidence; (3) the conditioned right to confront adverse witnesses; (4) an independent decision maker; and (5) a written report of the hearing." *Id.* Probation revocation is a two-step process. The first step is to "make a factual determination that a violation of a condition of probation has actually occurred." *Id.* at 27. If the violation is proven, the second step is for the Court to ". . . determine if the violation warrants revocation of probation." *Id.*

**A. Defendant Received Notice and an Opportunity to Be Heard Before Revocation.**

The Court may not order revocation of probation unless the offender is provided with written notice of the grounds for revocation of probation. 9 G.C.A. § 80.68(a). At the revocation hearing, the offender "shall have the right to hear and controvert the evidence against him, to offer evidence in his defense and to be represented by counsel." *Id.*

Here, the Probation Office filed fourteen violations against the Defendant. These violation reports provided sufficient notice to the Defendant of the grounds for revocation of

probation as the violations, spanning between 2014 to 2021, with multiple hearings in between, informed the Defendant of his non-compliance with the conditions of his probation. Additionally, the Defendant was given the right to hear and controvert the evidence against him, to offer evidence in his defense and to be represented by counsel at the Revocation Hearing on April 25, 2024. At the Hearing, the Court gave the Defendant time to respond to the revocation, however, no opposition was filed or presented. Therefore, Defendant properly received notice of the grounds for revocation and was provided with an opportunity to present his opposition.

## B. Defendant Violated Substantial Conditions of His Probation.

The standard for determining whether a probationer violated a condition of his probation is that "the evidence and the facts be such as reasonably necessary to satisfy the judge that the probationer's conduct has not been as required by the conditions of probation. *Id.* at ¶ 30. The Court's decision to revoke "must be based on credible evidence, but the defendant bears the burden of showing an excuse for failure to comply with the condition." *Id.*

After reviewing the violations filed by Probation at the Revocation Hearing and listening to the testimony of Probation Officer Titus Taitano at the Revocation Hearing, the Court finds that Defendant has inexcusably violated multiple conditions of his probation on several occasions. After nine (9) years, since the Defendant has been on probation, the Defendant violated substantial conditions of his probation by repeatedly failing to report to the Probation Office, failing to pay off court fines, failing to complete community service, failing to refrain from consuming illegal substances, failing to abide by Probation's instructions, and failing to attend sober support meetings.

## C. Defendant's Violation of Probation Warrants Revocation.

A probationer's violation of probation warrants revocation when the violation upsets the intent of the probation conditions. *See Camacho*, 2009 Guam 6 ¶ 31. In *Camacho*, the Supreme Court of Guam held that a probationer's violation of his probation conditions was serious enough to warrant revocation where the probationer failed to report for drug tests and where the defendant failed to pay a fine. *Id.* The Supreme Court of Guam reasoned that because the defendant was convicted of drug-related offenses, the purpose of the testing probation condition was to ensure the defendant remained sober. *Id.* The Supreme Court of Guam also acknowledged that failure to pay a fine alone was not as serious as the failure to report for drug tests. *Id.*

Defendant entered into the Plea Agreement in 2015 and has failed to make substantial progress towards completing his probation conditions. The purpose of a condition for treatment is sustained sobriety; however, sobriety becomes unattainable without the right support. Defendant frequently fails to report to Probation and has been the subject of four bench warrants and one warrant of arrest. Additionally, the Defendant tested positive for drugs at least five times during the probation period. Defendant was given a substantial amount of time to follow the conditions of his probation, however, Defendant showed little to no effort to ensure the conditions were met. This shows Defendant's disinterest in seeking treatment and disregard of the Court's orders. Such actions demonstrate that Defendant will not benefit from probation and should be remanded into custody.

After nine (9) years, Defendant has made little progress on his probation conditions. Defendant had a substantial amount of time—nine (9) years—to demonstrate to the Court that he can make progress on his probation conditions. Despite the significant efforts made by the

Court, Probation, Defense Counsel and all agencies and individuals involved in ensuring Defendant received treatment opportunities, Defendant chose to put forth minimal effort in completing his probation conditions. Accordingly, it is in Defendant's best interest for the Court to revoke probation.

**CONCLUSION AND ORDER**

For the above reasons, the Court concludes that revocation of the Defendant's probation is warranted. Defendant's probation is hereby revoked and Defendant is sentenced to three (3) years imprisonment at the Department of Corrections, Mangilao, with credit for time served. The Court orders the other terms of Defendant's Plea Agreement and Judgement of Conviction waived.

SO ORDERED, *Nunc Pro Tunc* to April 25, 2024, this **AUG 0 5 2024** _____, 2024.



HONORABLE ALBERTO E. TOLENTINO
Judge, Superior Court of Guam

**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:
_AG, APO_

8/6/24   3:40pm
Date          Time
Antonio A Cruz
Deputy Clerk, Superior Court of Guam